FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2021 JAN 12 AM 10: 41

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:20CR189 |
| vs. | PLEA AGREEMENT |
| JOSEPH RAUBER, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Joseph P. Kelly, United States Attorney and Christopher L. Ferretti, Assistant United States Attorney, and defendant, Joseph Rauber, and Richard H. McWilliams, counsel for defendant, as follows:

I

**THE PLEA**

A. <u>CHARGE & FORFEITURE ALLEGATION.</u>

Defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of Title 21, United States Code, Section 846 and admits the forfeiture allegation as set forth in the Indictment and as further identified in the Bill of Particulars (Doc. # 65). Defendant agrees to the forfeiture of approximately $55,035.00 in U.S. currency, as identified in paragraph 2(e) of the Bill of Particulars, and expressly agrees to withdraw his claim regarding the administrative forfeiture of that currency. Defendant agrees to abandon any claim of ownership of or any interest in the additional amounts of currency identified in paragraphs 2(a)-(d) of the Bill of Particulars. In addition, if any other person should attempt to make a claim to any property to be forfeited as identified in the Bill of Particulars, defendant agrees to assist the United States in defending against such claim. Defendant agrees to abandon all interest and ownership in the firearms seized from his residence on or about May 28, 2020.

B. In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States will move to dismiss Counts 2 and 3 at the time of sentencing.
2. The United States agrees that the defendant will not be federally prosecuted in the District

1

of Nebraska for any drug trafficking crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

## II
## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Two or more persons reached an agreement or came to an understanding to distribute 500 grams or more of methamphetamine; and

2. Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

3. At the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. On March 17, 2020, Omaha Police Department (OPD) narcotics investigators utilized a cooperating witness (C/W) to make a controlled buy of methamphetamine from the defendant. The methamphetamine was determined through subsequent laboratory testing to weigh 96 grams (actual).

2. On May 12, 2020, OPD received information from the C/W who advised that he/she had just left a residence in Council Bluffs, Iowa after visiting with the defendant. The C/W observed the defendant there with approximately one pound of methamphetamine.

3. Investigators then set up a controlled buy between the C/W and the defendant to occur later that day. Defendant reported to the C/W that he was out of methamphetamine but would be resupplied for a transaction with the C/W later in the day. Investigators set up surveillance and observed a white Chrysler minivan arrive, operated by a single Hispanic

female. Investigators followed the minivan back to a residence in Omaha, Nebraska where the Hispanic female parked and entered the residence. The C/W later verified with defendant that defendant had been resupplied. During the controlled buy, the C/W paid the defendant $3,500.00 and the defendant provided 190 grams of methamphetamine actual to the C/W.

4. On May 14, 2020, investigators obtained a search warrant for the Omaha residence where the Hispanic female returned to on May 12, 2020, after resupplying the defendant. On May 19, 2020 officers were preparing to execute the search warrant at the residence when they observed the Hispanic female leaving in the white Chrysler minivan. Investigators followed the van to another location and made contact with the driver, who was identified as codefendant Almendra Escobedo-Orozco. Escobedo gave them permission to search the van and investigators seized 949 grams of methamphetamine. Laboratory testing of one of the packages seized from the van yielded 371 grams methamphetamine actual.

5. Investigators returned to the residence and executed the search warrant. There, investigators arrested codefendants Maria Sanchez-Delgado and Silvia Flores-Martinez. Officers located numerous items of evidentiary value consisting of drug ledgers, packaging material, 8,677 grams of marijuana, $4,336.00 United States Currency, Mexican passports, and various identity documents.

6. Investigators continued on to and searched another residence in Omaha frequented by codefendant Escobedo-Orozo. Officers seized $7,800.00 United States Currency, venue items, a box for a digital scale, and 6 grams of methamphetamine.

7. On Thursday, May 28, 2020, a state of Iowa search warrant was executed at defendant's residence in Iowa. The search yielded approximately 83.8 gms of methamphetamine, approximately 3.6 grams of cocaine, approximately 3.9 grams of marijuana, 2 Hydrocodone pills, 6 Morphine pills, 7 long guns, 11 handguns, ammunition, stolen property, United States Currency in the approximate amount of $55,035.00 (drug proceeds), and 2 digital scales. All but one of the firearms was found within a gun safe with narcotics. However, defendant kept drugs (and a digital scale) locked up with most of the firearms in a safe in his basement. There was one loaded pistol found on top of a dresser in his bedroom.

8. Defendant was not present when the warrant was executed.

## III
## PENALTIES

A.  COUNT 1. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum term of life in prison; and a mandatory minimum 10 years;
2. A maximum $10,000,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not less than 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A.  SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. The parties agree that the defendant should be held responsible, beyond a reasonable doubt, for at least 10,000 kg but less than 30,000 kg of converted drug weight.
2. If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the

       court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

3. If defendant truthfully discloses to the United States all information and evidence the defendant has concerning the offense and relevant conduct, and if defendant otherwise qualifies for "safety valve" pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the United States will recommend a two-level reduction pursuant to § 2D1.1(b)(18), and relief from any statutory mandatory minimum sentence pursuant to § 3553(f) and § 5C1.2. Defendant understands that if he does not qualify for § 3553(f) and § 5C1.2, defendant may be subject to a statutory mandatory minimum sentence.

4. The parties agree that the defendant did not possess a firearm or other dangerous weapon in connection with the offense of conviction, pursuant to U.S.S.G. § 2D1.1(b)(1) and 18 U.S.C. § 3553(f)(2).

B. <u>ACCEPTANCE OF RESPONSIBILITY</u>.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility**

**and the parties agree no credit for acceptance of responsibility should be given.**

C. <u>ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553(a)</u>.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D. <u>CRIMINAL HISTORY</u>.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E. <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F. <u>RECOMMENDATION REGARDING CUSTODY</u>.

The United States will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the United States pursuant to this agreement.

## VI
## **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the

defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the

defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

      C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

      D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

      E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

      F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this

agreement with defense counsel and fully understands its meaning and effect.

|  |  |
|---|---|
| January 12, 2021<br>Date | UNITED STATES OF AMERICA<br>JOSEPH P. KELLY<br>United States Attorney<br><br>*/s/ Christopher L. Ferretti*<br>CHRISTOPHER L. FERRETTI<br>ASSISTANT U.S. ATTORNEY |
| 12-4-2020<br>Date | X *Joseph Rauber*<br>JOSEPH RAUBER<br>DEFENDANT |
| 12/15/20<br>Date | */s/ Richard H. McWilliams*<br>RICHARD H. MCWILLIAMS<br>COUNSEL FOR DEFENDANT |

9